# STICKNEY *v.* KELSEY, COMPTROLLER OF THE STATE OF NEW YORK.

## ERROR TO THE SURROGATES' COURT IN AND FOR THE COUNTY OF NEW YORK, STATE OF NEW YORK.

No. 196. Submitted March 20, 1908.—Decided April 6, 1908.

A ruling by the highest court of the State sustaining the method of proving the existence of a law of that State presents no Federal question.

Where the language of the appellate court is ambiguous, if it may be taken as a declination to pass upon a question not necessary to the decision, this court will not, in order to aid a technical and non-meritorious defense, spell out a Federal question; but it will resolve the ambiguity against the plaintiff in error who is bound, in order to give this court jurisdiction, to clearly show that a Federal right has been impaired.

Writ of error to review 185 N. Y. 107, dismissed.

THE facts are stated in the opinion.

*Mr. Edward Mitchell* for plaintiffs in error.

*Mr. David B. Hill* for defendant in error.

MR. JUSTICE MOODY delivered the opinion of the court.

This is a writ of error to a Surrogates' Court of the State of New York. The judgment brought under review was entered in obedience to a judgment of the Court of Appeals of that State. The judgment imposed a transfer tax upon certain real property devised by the will of Joseph Stickney, deceased. The tax was properly assessed if an act purporting to be passed on March 16, 1903, 1 Session Laws of 1903, p. 165, was a duly enacted law of the State. It appears that, by the constitution of the State, laws of the nature of this one require for their due enactment a majority vote in each legislative chamber when three-fifths of the members are present. The presiding officers of both branches of the legislature, in certifying that this bill was duly passed by a majority vote, failed to certify that three-fifths of the members were then present.

The defendant in error was permitted, over the objection of the plaintiffs in error, to prove that the journals of the two houses showed that the requisite number of members were, in point of fact, present. This the Court of Appeals held to be sufficient to show that the statute was validly enacted. The first five assignments of error in this court simply allege in various forms that the Court of Appeals erred in its decision of the cause. These assignments may be summarily overruled upon the plain ground that they present no Federal question. It must not, however, be understood that we intimate that any form of assignment would have given this court the authority to review the determination of the highest court of a State of the proper method of proving the existence of its own laws. *Town of South Ottawa* v. *Perkins,* 94 U. S. 260; *Railroad Co.* v. *Georgia,* 98 U. S. 359; *Post* v. *Supervisors,* 105 U. S. 667; *In re Duncan,* 139 U. S. 449; *Wilkes County* v. *Coler,* 180 U. S. 506.

There is, however, a sixth assignment of error. For its understanding it is necessary to make a further statement of facts. When certified copies of the journals of the two houses were offered in evidence, for the purpose of showing that at the time of the passage of the bill three-fifths of the members were in fact present, notwithstanding the omission of the presiding officers to certify to their presence, counsel for plaintiffs in error made the following objection: "I object on the ground that the paper offered is incompetent, irrelevant and immaterial; that the original journal, if produced, is not a record either at common law or by the statute, and cannot be introduced in evidence, and cannot be resorted to by the court for the purpose of either validating or impeaching any law, and that the legislative law makes the certificates of the presiding officers conclusive evidence as to whether the majority were present or three-fifths, and the conclusive evidence is that there was only a majority present and not three-fifths." The objection was overruled, the evidence was admitted, and an exception was taken. It will be observed that no objec-

tion was taken that the original journals were not produced, but only that if produced they were not admissible to add to or vary the certificates of the presiding officers, which were conclusive as to the numbers present. The judgment of the Surrogate, which was in writing, and of the Appellate Division of the Supreme Court, proceeded upon this view of the objection, and treated the question exactly as if the original journals had been offered. But the judgment of the Court of Appeals indicates that there it was objected, for the first time as far as the record discloses, that the original journals were not produced and that the certified copies were not competent evidence of their contents. The inference that such a question was raised can only be drawn from the concluding part of the opinion. After deciding that the presence of the requisite number of members could be proved by recourse to the journals, and that the journals showed the fact, the court said: "It is contended, however, that the authenticity of the journals of the Legislature, certified copies of which were put in evidence, was not established, and that with the failure of any original record certified extracts therefrom were not competent. Without expressing any opinion on this objection, it is sufficient to say that the question has now been set at rest by the enactment, since the argument of the appeal, of Chapter 240 of the Laws of 1906, p. 471, which in express terms declares the printed copies to be the original journals of the two houses, and makes them, or copies thereof, competent evidence when certified by the respective clerks of the Senate and Assembly." A motion for rehearing was made and denied. Based upon this part of the opinion, a supposed Federal question is alleged in the sixth assignment of error in this court, which is as follows:

"VI. That the said Court of Appeals of the State of New York erred in holding and deciding that the motion for reargument and for a hearing on the validity and effect of Chapter 240 of the Laws of 1906 should be denied; by reason of which denial the said Court of Appeals has, in effect, held:

"(*a*) that Chapter 240 of the Laws of 1906 should be construed to have a retroactive effect, and

"(*b*) that such construction would not be in violation of the Fourteenth Article of the Amendments to the Constitution of the United States and,

"(*c*) would not impose and exact a tax without due notice and without due process of law, and

"(*d*) that the State would not by such act and such construction thereof deprive the plaintiffs in error of property without due notice and without due process of law; each of these grounds having been stated in the notice of said motion by the plaintiffs in error, who then and there insisted upon their constitutional rights in such respects as soon as the occasion arose."

We do not intend to intimate that, if the words of the opinion were capable of the meaning which is attributed to them in this assignment of error, there would have been shown any violation of the Fourteenth Amendment. *League* v. *Texas*, 184 U. S. 156. But we think, in view of the fact that when the copies of the journals were offered in evidence no objection had been made that the originals were not produced, the language of the court may quite as naturally be interpreted as a declination to pass on a question, not necessary to the decision, which had been set at rest for the future by legislation. The best that can be said for the plaintiffs in error is that the action of the court was ambiguous. We resolve the ambiguity against the parties complaining, who are bound to show clearly that a Federal right was impaired, rather than misuse our ingenuity to spell out a Federal question to aid a defense which is merely technical and destitute of substantial merit.

It does not therefore appear that the judgment under review was based upon the decision of any Federal question. *Bachtel* v. *Wilson*, 204 U. S. 36.

The writ of error is

*Dismissed.*